UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

MARCUS POWELL                                                                           PLAINTIFF

v.                                                          CIVIL ACTION NO. 4:17CV-P43-JHM

DAVID OSBORNE                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marcus Powell, a prisoner incarcerated in the Daviess County Detention Center (DCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the claim regarding Plaintiff being housed with county inmates and allow the other claims to proceed.

**I. SUMMARY OF CLAIMS**

Plaintiff names David Osborne, the Jailer at the DCDC as the sole Defendant in this action. Plaintiff indicates that he is suing Defendant in both his individual and official capacities, and he seeks monetary damages. Plaintiff also seeks to be transferred to "a state facility that has a law library," for a law library to be "installed" at DCDC, and for state and county inmates to "be separated."

Plaintiff alleges that Defendant is "denying [him] of [his] constitutional rights by not having a adequate legal law library here at the detention center, where I can file a meaningful direct appeal from my conviction . . . ." According to Plaintiff, he has been incarcerated at the DCDC since March 31, 2016. He states that he has filed numerous grievances about the lack of a law library and represents that he has been told that he has "no right to legal materials or a law

library." Plaintiff states that he has "missed numerous court filing deadlines as a result" of the lack of law library and has "not been able to challenge [his] conviction."

Plaintiff alleges that since he has been incarcerated at the DCDC, he has been "subject to contininuous housing with county inmates and have been treated as a county inmate myself." According to Plaintiff, "[i]t causes [him] servere mental anguish to continually watch inmates come and go with me being a class B felon no even able to be classified or worked at a local facility."

Plaintiff further alleges that since being incarcerated at the DCDC on March 31, 2016, he has "been continually subjected to sleep on the floor as a result of this detention center being over crowded." Plaintiff also states that it has "been extremely hot, where water puddled from sweat from the walls and there are black mold all over the walls from the moisture." Plaintiff states that his "breathing is harder now and [he] had severve headaches and the smell is unbearable."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

#### A. Access-to-Courts Claim

Plaintiff alleges that Defendant has denied him access to a law library and that this denial has caused Plaintiff to miss numerous court deadlines and rendered him unable to "challenge his conviction." "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations

of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, the courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Id.* (noting that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance"). However, prisoners have a constitutional right of access to the courts. *Id.*; *Bounds v. Smith*, 430 U.S. at 821. "It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances." *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1998).[1]

Upon consideration, the Court will allow an access-to-courts claim to proceed.

### B. Claim Regarding Being Housed with County Inmates

Plaintiff asserts that he has been continually housed with county inmates and has been treated as a county inmate. He states that he is a Class B felon and is unable "to be classified or worked at a local facility." He contends that it causes him severe mental anguish to watch inmates come and go.

With regard to Plaintiff's claim that he is housed together with county inmates, while state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of the facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (stating that a prisoner does not have a constitutional right to be placed in a specific security classification); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam)

---

[1] The Supreme Court has recognized that a right of access to the courts has been found to be grounded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002); *see also John L. v. Adams*, 969 F.2d 228, 231-32 (6th Cir. 1992) (listing constitutional sources for the right of access to the courts).

4

(rejecting a claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility); *Silverburg v. Seeley*, No. 3:09CV-P493-R, 2009 WL 5197870, at *2 (W.D. Ky. Dec. 23, 2009) ("Plaintiff has no constitutional claim related to being housed in a county rather than in a state facility.").

Likewise, prisoners do not have a constitutional right to participate in particular rehabilitative or vocational training programs. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoner classification and eligibility for rehabilitation programs are not subject to constitutional protections); *Griffin v. Kallen*, No. 84-1859, 1986 WL 16813, at *1 (6th Cir. Apr. 16, 1986) ("[P]risoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs."). Further, prisoners do not have a constitutional right to participate in prison jobs. *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989).

Therefore, as to his claim regarding being housed with county inmates, Plaintiff fails to state a cognizable § 1983 claim, and this claim will be dismissed.

### C. Conditions-of-Confinement Claims

The Eighth Amendment requires "prison officials [to] ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Plaintiff asserts two claims regarding his conditions of confinement.

First, Plaintiff asserts that he has been made to sleep on the floor since March 31, 2016. Upon consideration, the Court will allow the Eighth Amendment claim alleging that Plaintiff has been made to sleep on the floor to proceed.

5

Second, Plaintiff asserts that there is black mold "all over the walls" which has resulted in his breathing being "harder" and causing him to have severe headaches. Upon consideration, the Court will allow the Eighth Amendment claim regarding Plaintiff's alleged exposure to black mold to continue.

### IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claim regarding Plaintiff being housed with county inmates is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the following claims will proceed against Defendant Osborn in his individual and official capacities:

(1) The access-to-courts claim;

(2) The Eighth Amendment claim regarding sleeping on the floor; and

(3) The Eighth Amendment claim regarding exposure to black mold.

The Court passes no judgment on the merit or ultimate outcome of this case. The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims.

Date: August 14, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
    Daviess County Attorney
4414.003